CRAIG DOUGLAS DAVIS
DAVIS, ERMIS & ROBERTS, P.C.
1521 N. Cooper Street, Suite 860
Arlington, TX  76011
(817) 265-8832  Telephone
(972) 262-3264  Facsimile
Attorneys for Debtor(s)

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO. 22-42921-ELM** |
| **AYESHA KANWAL** | § | |
| | § | **CHAPTER 13** |
| Debtor. | § | |
| | § | |

| | | |
|---|---|---|
| **HEALIX INFUSION THERAPY, LLC,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **ADV. PROC. NO. 23-04021-ELM** |
| | § | |
| **AYESHA KANWAL,** | § | |
| | § | |
| Defendant. | § | |

**AYESHA KANWAL'S AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTER-CLAIM TO ORIGINAL COMPLAINT TO OBJECT TO DISCHARGE UNDER 11 U.S.C. §523**

TO THE HONORABLE EDWARD L MORRIS, U.S. BANKRUPTCY JUDGE:

COMES NOW Ayesha Kanwal, (herein "Debtor" or "Defendant") and files this her Amended Answer and Affirmative Defenses to Original Complaint to Object to Discharge under 11 U.S.C. §523 ("Complaint") filed by creditor Healix Infusion Therapy, LLC ("Healix" or "Plaintiff"). Defendant would respectfully show:

1.    To the extent a response is required regarding paragraph 1 of the Complaint, Debtor admits same.

2.    To the extent a response in required regarding paragraph 2 of the Complaint, Debtor admits same.

3.    Debtor admits the allegations contained in paragraph 3 of the Complaint.

4.      Debtor admits the allegations contained in paragraph 4 of the Complaint.

5.      Debtor admits the allegations contained in paragraph 5 of the Complaint.

6.      To the extent a response if required regarding paragraph 6 of the Complaint, Debtor denies that Healix is entitled to any relief as sought therein.

7.      Debtor is without sufficient knowledge to either admit or deny the allegations contained in paragraph 7 of the Complaint, and therefore denies same.

8.      Debtor admits the allegations contained on paragraph 8 of the Complaint.

9.      Debtor admits the allegations contained in paragraph 9 of the Complaint.

10.     Debtor admits the allegations contained in paragraph 10 of the Complaint.

11.     Debtor is without sufficient knowledge to either admit or deny the allegations contained in paragraph 11 of the Complaint, and therefore denies same.

12.     Debtor admits the allegations contained in paragraph 12 of the Complaint.

13.     Debtor admits that the cited text in paragraph 13 of the Complaint is found in Debtor's affidavit. Debtor denies any and all other allegations contained in paragraph 13 of the Complaint.

14.     Debtor is without sufficient knowledge to either admit or deny the allegations contained in paragraph 14 of the Complaint, and therefore denies same.

15.     Debtor is without sufficient knowledge to either admit or deny the allegations contained in paragraph 15 of the Complaint, and therefore denies same.

16.     Debtor is without sufficient knowledge to either admit or deny the allegations contained in paragraph 16 of the Complaint, and therefore denies same.

17.     Debtor is without sufficient knowledge to either admit or deny the allegations contained in paragraph 17 of the Complaint, and therefore denies same.

18.     Debtor denies the allegations contained in paragraph 18 of the Complaint.

19.     Debtor is without sufficient knowledge to either admit or deny the allegations contained in paragraph 19 of the Complaint, and therefore denies same.

20.     Debtor is without sufficient knowledge to either admit or deny the allegations contained in paragraph 20 of the Complaint, and therefore denies same.

21.     Debtor is without sufficient knowledge to either admit or deny the allegations contained in paragraph 21 of the Complaint and therefore denies same.

22.     The schedules referenced in paragraph 22 of the Complaint speak for themselves. No other response is required to paragraph 22.

23.     Debtor reasserts its responses to paragraphs 1 through 22.

24.     Paragraph 24 of the Complaint is a statement of law and requires no response.

25.     Debtor denies the allegations contained in paragraph 25 of the Complaint.

26.     Debtor denies the allegations contained in paragraph 26 of the Complaint.

27.     Debtor denies the allegations contained in paragraph 27 of the Complaint.

28.     Debtor denies the allegations contained in paragraph 28 of the Complaint.

29.     Debtor is without adequate knowledge to either admit or deny the allegations contained in paragraph 29 of the Complaint, and therefore denies same.

30.     Debtor denies the allegations contained in paragraph 30 of the Complaint.

31.     Debtor reasserts its responses to paragraphs 1 through 30.

32.     Debtor denies the allegations contained in paragraph 32 of the Complaint.

33.     Debtor is without adequate knowledge to either admit or deny the allegations contained in paragraph 33 of the Complaint, and therefor denies same.

34.     Debtor is without adequate knowledge to either admit or deny the allegations contained in paragraph 34 of the Complaint, and therefore denies same.

35.     Debtor is without adequate knowledge to either admit or deny the allegations contained in paragraph 35 of the Complaint, and therefore denies same.

36.     Debtor denies the allegations contained in paragraph 36 of the Complaint.

37.     Debtor denies the allegations contained in paragraph 37 of the Complaint.

38.     Debtor reasserts its responses to paragraphs 1 through 37.

39.     Debtor denies the allegations contained in paragraph 39 of the Complaint.

40.     Debtor denies the allegations contained in paragraph 40 of the Complaint.

41.     Debtor is without adequate knowledge to either admit or deny the allegations contained in paragraph 41 of the Complaint, and therefore denies same.

42.     Debtor is without adequate knowledge to either admit or deny the allegations contained in paragraph 42 of the Complaint, and therefore denies same.

43.     Debtor denies the allegations contained in paragraph 43 of the Complaint.

44.     Debtor is without adequate knowledge to either admit or deny the allegations contained in paragraph 44 of the Complaint, and therefor denies same.

45.     Debtor is without adequate knowledge to either admit or deny the allegations contained in paragraph 45 of the Complaint, and therefore denies same.

46.     Debtor is without adequate knowledge to either admit or deny the allegations contained in paragraph 46 of the Complaint, and therefore denies same.

47.     Debtor denies the allegations contained in paragraph 47 of the Complaint.

48.     Debtor is without adequate knowledge to either admit or deny the allegations contained in paragraph 48 of the Complaint, and therefore denies same.

49.     Debtor is without adequate knowledge to either admit or deny the allegations contained in paragraph 49 of the Complaint and therefore denies same.

50.     Debtor denies the allegations contained in paragraph 50 of the Complaint and therefore denies same.

51.     Debtor denies the allegations contained in paragraph 51 of the Complaint.

52.     Debtor reasserts its responses to paragraphs 1 through 51.

53.     Debtor denies the allegations contained in paragraph 53 of the Complaint.

54.     Debtor is without adequate knowledge to either admit or deny the allegations contained in paragraph 54 of the Complaint, and therefore denies same.

55.     Debtor denies the allegations contained in paragraph 55 of the Complaint.

56.     Debtor is without adequate knowledge to either admit or deny the allegations contained in paragraph 56 of the Complaint, and therefore denies same.

57.     Debtor denies the allegations contained in paragraph 57 of the Complaint.

58.     Debtor is without adequate knowledge to either admit or deny the allegations contained in paragraph 58 of the Complaint, and therefore denies same.

59.     Debtor denies the allegations contained in paragraph 59 of the Complaint.

60.     Debtor denies the allegations contained in paragraph 60 of the Complaint.

61.     Debtor is without adequate knowledge to either admit or deny the allegations contained in paragraph 61 of the Complaint, and therefore denies same.

62.     Debtor denies the allegations contained in paragraph 62 of the Complaint.

## AFFIRMATIVE DEFENSES

63.     Debtor has and affirmatively pleads affirmative defenses to the allegations contained in the Complaint. Debtor reserves the right to amend and plead affirmative defenses that she may discover during the course of the litigation of this adversary.

64.     <u>Statute of Limitations</u> – To the extent of limitations have expired on any of the Healix allegations contained in the Complaint, such claims are barred.

65.     <u>Res judicata</u> – Healix may not avail itself of a finding of *res judicata* of the claims raised and alleged in the state court litigation it references in its Complaint. The judgment referenced in the underlying state court litigation was a no-answer default judgment, and the matter was never tried as to the merits. Borrower is entitled to trial on all matters raised in the Complaint or as may be otherwise referenced by or related to the underlying state court default judgment.

## COUNTER-CLAIMS

66.     *Parties* – Counter-Petitioner Ayesha Kanwal is the Debtor in the above styled and referenced Chapter 13 bankruptcy.

67.     Counter-Defendant and Plaintiff Healix Infusion Therapy, LLC, on information and belief, is a Texas limited liability company.

68.     *Jurisdiction* – This Court has jurisdiction over this adversary proceeding under 28 U.S.C. §§157 and 1334.

69.     This adversary proceeding is a core proceeding to be heard and determined by the Bankruptcy Code pursuant to 28 U.S.C. §157(b)(2).

70.     Venue for this adversary proceeding is proper in this Court pursuant to 28 U.S.C. §§1408 and 1409.

71.     *Background* – On or about March 13, 2023, Healix commenced this adversary proceeding and seeks to except certain debts from discharge pursuant to 11 U.S.C. §727 and pursuant to §§523(a)(2)(A), (4), and (6).

72.     In support of its claims and allegations, Healix relies on a no-answer default judgment obtained in Fort Bend County, Texas on February 24, 2022 (the "Judgment"). The Judgment Healix relies on is attached as Exhibit C to the complaint filed by Healix commencing this adversary proceeding.

73.     Counter-Petitioner commenced her Chapter 13 bankruptcy on December 2, 2022.

74.     An actual and justiciable controversy exists as between the parties.

### COUNT I – DECLARATORY RELIEF

75.     Counter-Petition re-alleges and incorporates paragraphs 66-74 as though stated in full herein.

76.     Healix relies on a no-answer default judgment in support of its contention that the debts such be excepted from discharge pursuant to sections 523 and 727 of the Bankruptcy Code. Healix purports to have obtained a judgment against Counter-Petitioner, even though Counter-Petitioner was not a party to the underlying contract nor did Counter-Petitioner agree to personally guarantee the underlying contract.

77.     The Judgment is silent as to any allegations, elements or findings as to any theory or derivation of fraud. Rather, the Judgment is only the barest of recitations of the elements of a breach of contract claim. Healix has not provided this court the underlying pleadings or affidavits supporting the Judgment. In short, Healix has not provided this Court with one iota of evidence supporting an exception to discharge under either section 523 or 727 of the Bankruptcy Code.

78.     There is no evidence before this Court that any element of any claim was adjudicated on the merits before the trial court which resulted in the Judgment.

79.     As such, pursuant to 28 U.S. §2201 Counter-Petitioner is entitled to, and hereby seeks, a trial on the merits of all claims and causes alleged by Healix. In addition, Counter-Petitioner seeks a determination of this Court of the relative rights, obligations, duties and legal relationship between the parties including a determination that the debt alleged by Healix is not excepted from discharge pursuant to either section 523 or section 727 of the Bankruptcy Code.

PRAYER

WHEREFORE, Debtor prays that this Court finds for the Defendant and Plaintiff takes nothing, for the relief requested above and for such other and further relief as in just and equitable.

DATED this 30th of June 2023.

Respectfully submitted,

/s/  Craig D. Davis
RONALD W. ROBERTS
State Bar No. 17018600
CRAIG D. DAVIS
State Bar No.  00793588
JEFFREY W. ERMIS
State Bar No. 24032159
1521 N. Cooper Street, Suite 860
Arlington, Texas 76011
(972) 263-5922 Telephone
(972) 262-3264 Facsimile

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was served by electronic mail on all parties receiving the Notice of Electronic Filing through the CM/ECF system on June 30, 2023.

/s/   Craig D. Davis
RONALD W. ROBERTS
CRAIG D. DAVIS
JEFFREY W. ERMIS